[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON APPLICATION TO AFFIRM AND TO VACATE ARBITRATION AWARD
The plaintiff-insurer has applied to vacate and the defendant-claimant seeks to affirm the arbitration award rendered in her favor. The arbitrators split two to one on the matter.
At issue is the question of coverage under a policy issued in Rhode Island to the claimant's father. The claimant also had a Rhode Island policy on her own car at the time she was living in Connecticut and incurred the serious injuries for which she seeks to recover underinsured benefits on her father's policy.
A threshold issue must also be addressed, as the insurer argues that it is entitled to de novo review by the court, while the claimant argues that the court is limited to a determination as to whether the award is consistent with the submission to the arbitrators.
CT Page 8592 I.
Under Connecticut law, a party is entitled to de novo review of the interpretation and application of law by arbitrators where judicial review is sought. This follows from our Supreme Court's determination that arbitration of coverage issues pursuant to 38-175(c) of our General Statutes is compulsory arbitration. American Universal Ins. Co. v. DelGreco, 205 Conn. 178 (1987) and Wilson v. Security Insurance Group, 199 Conn. 618 (1986).
That Connecticut and not Rhode Island law apply to this coverage dispute is based on two aspects of this case:
a) While both the claimant's and her father's policies were written in Rhode Island, the claimant chose to arbitrate the dispute resulting from her Connecticut accident in Connecticut. Consequently, Connecticut law governs procedural aspects of the dispute (Rhode Island substantive law would also apply). Garrity v. McCaskey, 223 Conn. 1 (1992).
b) Further, the arbitration provisions of the policy include this language:
 "Unless both parties agree otherwise, arbitration will take place in the county in which the `insured' lives. Local rules as to procedure and evidence will apply."
 II.
In deciding in favor of the claimant, two of the three arbitrators first concluded that there was coverage because she was a named insured in her father's policy.
An examination of the policy indicates only one person listed under that designation — the claimant's father. The claimant is listed as one of those who will operate vehicles listed in the policy.
Concluding that the term "insured" is ambiguous, the majority then referred to a treatise on insurance which states that many terms are used to describe "insureds". One of the terms listed is "principal operator" — a term found nowhere in the policy. Resolving this "ambiguity" against the insurer, the majority then found the claimant to be an insured because she was a "principal operator."
Under factual circumstances very similar to this, Judge Fuller agreed with the arbitrators who determined that the fact one is listed in a policy as a "driver" is not the equivalent of CT Page 8593 an "insured". DiBuono, Administratrix v. Peerless Insurance Co., 6 Conn. Sup. CT Repts. 994 (Nov. 18, 1991).
The court agrees with the dissenting arbitrator, Francis H. Morrison III, that the claimant was not an "insured".
 III.
The majority did not address the question of whether the claimant was a relative resident in her father's residence, relying on the prior determination that she was an "insured."
The court had no evidence presented on this issue, but counsel for the insurer repeated the facts presented to the arbitrators to argue that the claimant was a Connecticut resident.
These facts were set forth in the dissent in an explanatory footnote, concluding with the finding that the claimant was a resident of Connecticut at the time of the accident, precluding any determination that she was a relative resident in her father's house.
On this issue to the Court agrees with the dissenting opinion to conclude that living and working in this state and renting an apartment with her future husband here refutes any suggestion she intended to return to the family home. Nor, were her visits to the family residence sufficient to support that position.
 IV.
The policy in question contains the following exclusion clause:
 "We do not provide uninsured motorist coverage for `bodily injury' sustained by any person: (1) while occupying . . . any motor vehicle owned by `you or any' family member which is not insured for this coverage under this policy."
The claimant was operating a vehicle she owned and had insured on a separate policy at the time of the accident. Her father's policy did not cover her vehicle at the time of the accident.
Thus, it seems clear that this exclusion clause would deny recovery to the claimant on her Father's policy.
CT Page 8594 However, in the arbitration award, the majority resorted to a Rhode Island statute, 27-7-21 to invalidate the exclusion clause. This section provides that where "an insured" has paid two or more separate premiums for uninsured motorist coverage under several policies with the same company, the "insured" will be able to collect up to the aggregate for all vehicles insured, contrary policy language not withstanding.
In this case, the claimant paid a premium to the insurer to provide uninsured motorist coverage on her car. Her father paid for the policy in question which had uninsured motorist coverage. The court is at a loss to understand what "insured" paid two premiums.
The arbitrators also found support for invalidating the exclusion clause in the public policy of the state of Rhode Island, citing language in DiTata v. Aetna Casualty Surety Company, 542 A.2d 245 (1988).
This case did not involve the same statute nor an exclusion clause. In fact, the carrier prevailed in a dispute over reduction of medical payments for the same expenses paid via uninsured motorist coverage. Significantly, the court noted:
 "The parties enter into a contract, the insurance policy, in order to protect their respective interests. As a matter of contract law, the specific policy terms predominate over equitable considerations." Id. at 248.
The court rejects the conclusion of the majority with respect to the exclusion clause.
Conclusion
From its de novo review of the panel's interpretation and applications of the law involved, the court concludes that the award should be vacated.
Anthony V. DeMayo, Judge